IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY CAPUANO, et al., | : |
| Plaintiff, | : |
| v. | : Case No. C2:09-CV-00462 |
| KEITH BROWN, et al., | : JUDGE ALGENON L. MARBLEY |
| Defendant. | : MAGISTRATE JUDGE KING |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. 30). Plaintiffs move for summary judgment on all counts. For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Summary judgment.

### II. BACKGROUND

#### A. Factual Background

#### 1. The Agreement

The parties agree that in November 2008, Plaintiffs Anthony Capuano, Denis Bruncak, and William Walsh, agreed to undertake a business venture, known as Network Freight International ("NFI"), with Defendants Keith and Cathie Brown. NFI was to be engaged in the business of transportation and freight logistics. As a result, Plaintiffs loaned or disbursed money to Defendants. The parties dispute the exact nature of this transfer, as well as most other events that occurred after the agreement was reached.

1

### 3. The Plaintiffs' Argument

Plaintiffs contend that Defendants breached the oral agreement. Plaintiffs allege that they advanced substantial sums of money to Defendants in connection with pre-incorporation and start up costs. They insist that the money was advanced as loans, which Defendants would have to repay. Plaintiffs allege that after Defendants received the money, they abandoned the joint venture and refused to pay back the loans.

Further, they allege that Defendants deceived them by transferring the money into a competing venture with different principals. When Plaintiffs communicated with Defendants regarding their use of the money, the Browns represented that the money was being used for NFI. Plaintiffs, however, believe that Defendants have fraudulently deceived them in order to use the money for their own purposes and have used the money for the competing venture.

Plaintiffs allege that they fully performed their obligations under the contract, including but not limited to extending $147,650.00 in loan monies and advances. They argue that Defendants breached the agreement by failing to perform their obligations and by converting the money for their own use and benefit. They seek damages in the amount of $147,650.00.

### 4. The Defendants' Argument

Defendants contend that Plaintiffs breached the oral agreement. Defendants allege that Plaintiffs informed them that they had obtained legal counsel to draft NFI's operating agreement, but Plaintiffs never provided them with a written agreement. They contend that the Plaintiffs did not advance money as loans, but for pre-incorporation and start up costs. In exchange, Plaintiffs were to receive 49% of NFI's future profits as well as NfI stock.

Pursuant to the oral agreement, Defendants' role was to promote the marketing and

development and NFI. In order to accomplish this, Defendants moved to Dallas, Texas in February 2009 to open and to operate NFI's office. Plaintiffs allocated money to the Defendants each both based on the previous month's costs. Each month, Defendants submitted to Plaintiffs monthly financial accountings documenting their expenditures. Based on these reports, Plaintiffs would make a disbursement for the next month. In this way, Plaintiffs could deny or approve each expenditure that Defendants made for NFI. Communication deteriorated, however, and the relationship ended in March 2009.

### B. Procedural Background

Plaintiffs assert the following claims: (1) Breach of Agreement/Contract; (2) Unjust Enrichment/Quantum Meruit; (3) Conversion; and (5) Fraud. In count (4), they seek a constructive trust over money in Defendants' possession.

### III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. But the non-moving party "may not rest merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). *See also Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When ruling on a motion for summary judgment, a district court is not required to sift through the entire record to drum up facts that might support the nonmoving party's claim. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Instead, the Court may rely on the evidence called to its attention by the parties. *Id.*

## IV. Law and Analysis

### A. Breach of Contract

Plaintiffs' first claim for relief is for breach of contract. To establish a breach of contract claim under Ohio law a plaintiff must show that: (1) a contract existed; (2) the plaintiff performed; (3) the defendant breached; and (4) the plaintiff suffered damages. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (interpreting Ohio law); *Nat'l City Bank of Cleveland v. Erskine & Sons*, 110 N.E.2d 598, 603 (Ohio 1953); Wauseon *Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004).

The parties concur that an agreement was made in November 2008 to create a business venture, Network Freight International. The substance of that agreement, most notably the respective obligations of the parties regarding the disbursement of funds, is disputed. Plaintiffs assert that they were to distribute pre-incorporation and start up funds to the Defendants as loans,

which the Defendants were to repay. Defendants retort that Plaintiffs invested the money in exchange for forty-nine percent of NFI's future profits and NFI stock shares, and that Defendants were not obligated to repay the Plaintiffs.

The evidence before the Court in this case is extremely limited and supports neither argument. It consists of two competing affidavits, Defendants' admissions, several emails, a spreadsheet prepared by the Plaintiffs, and a budget prepared by the Defendants. Neither the spreadsheet nor the budget can be verified. There are neither receipts, nor bank records, nor invoices to show that the numbers on the documents reflect actual costs or expenditures. The Plaintiffs say that events happened one way. The Defendants say that they happened another. The limited evidence before the Court provides no support to either alleged chain of events. Accordingly, there are genuine questions of material fact as to the substance of the agreement and whether either party breached. Summary judgment on count one is **DENIED**.

### B. Unjust Enrichment

Plaintiffs' second claim for relief is for unjust enrichment. In Ohio, "unjust enrichment occurs when a person 'has and retains money or benefits which in justice and equity belong to another.'" *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005) (quoting *Hummel v. Hummel*, 14 N.E.2d 923, 927 (Ohio 1938)). The purpose of an unjust enrichment claim is not to compensate a party for any loss or damage suffered by him, but to reimburse him for the benefit he has conferred on another. *Hughes v. Oberholtzer*, 123 N.E.2d 393, 397 (Ohio 1954).

Under Ohio law, the defendant must satisfy three elements for an unjust enrichment claim. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). There must be: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the

5

benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Id.* Moreover, a claim for unjust enrichment will not be satisfied if a party can only show that it has conferred a benefit upon another; it must be proven, by the party claiming unjust enrichment, that it would be unconscionable for the other party to retain the benefit. *Cincinnati v. Fox*, 49 N.E.2d 69, 73 (Ohio Ct. App.1943).

Plaintiffs allege that they loaned money to Defendants pursuant to the agreement. They assert that Defendants retained this money, used it for their own purposes, and have refused to repay it. Defendants counter that according to the terms of the agreement, the money was invested in the business and was not advanced as a loan. As discussed above, it cannot be determined on the record before the Court what the parties orally agreed to with regard to the transfer of funds for NFI. Accordingly, there is a genuine issue of material fact as to whether the Defendants unjustly retained the alleged benefit. Summary judgment on count two is **DENIED**.

### C. Conversion

Plaintiffs' third claim for relief is for conversion. The tort of conversion in Ohio "might arise from the exercise of a dominion over [another's property] in exclusion of the rights of the owner, or withholding [another's property] from his possession under a claim inconsistent with his rights." *Balt. & Ohio R.R. v. O'Donnell*, 32 N.E. 476, 478 (Ohio 1892); see also *Joyce v. Gen. Motors Corp.*, 551 N.E.2d 172, 175 (Ohio 1990). "The elements of a conversion claim are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *NPF IV, Inc. v. Transitional Health Servs.*, 922 F.Supp. 77, 81 (S.D. Ohio 1996). Although the owner of property usually need not demand return of the property for a conversion

claim to arise, *see O'Donnell*, 32 N.E. at 478, there can be no claim for conversion where one lawfully acquires possession of the property of another unless the owner demands return of the property and the defendant refuses to return the property, *see Fidelity & Deposit Co. of Md. v. Farmers & Citizens Bank of Lancaster*, 52 N.E.2d 549, 550-51 (Ohio 1943); *see also NPF IV*, 922 F.Supp. at 81.

In this case, Plaintiffs allege that Defendants took the Plaintiffs' money and transferred it into a competing venture with different principals. Defendants insist that the money was transferred not as a loan, but as funds for pre-incorporation and start up costs. They argue that the Plaintiffs, not the Defendants, abandoned the joint venture. As the substance of the oral agreement cannot be determined based on the record before the Court, there is a genuine issue of material fact as to the reason for the transfer of the money and whether Defendants have withheld funds unlawfully. Summary judgment on count three is **DENIED**.

### D. Constructive Trust

Plaintiffs' fourth claim for relief is a request for this Court to impose a constructive trust over monies in Defendants' possession. As the Court has denied Plaintiffs' motion for summary judgment, they are not entitled to equitable relief. Accordingly, Plaintiffs' motion for a constructive trust is **DENIED**.

### E. Fraud

Plaintiffs' fifth claim for relief is for fraud. The elements of a fraud claim under Ohio law are: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;

7

(4) with the intent of misleading another into relying on it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998).

As discussed above, the substance of the communication between the parties in this case is in dispute. It cannot be determined with certainty who said what or to whom and thus Plaintiffs have not presented evidence to support their allegations of fraud. Accordingly, summary judgment on count five is **DENIED**.

## V. CONCLUSION

The critical question in this case is why Plaintiffs transferred money to Defendants. An answer to this question cannot be found in the record before the Court. As there are genuine issues of material fact as to each of the Plaintiffs' claims, Plaintiffs' motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

                                             _s/Algenon L. Marbley_
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT COURT**

**Dated: March 28, 2011**